# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

HECTOR CUBERO, JR.,

                Plaintiff,

v.

WACHHOLZ and UTTER,

                Defendants.

Case No. 25-CV-22-JPS

**ORDER**

     Plaintiff, Hector Cubero, Jr., a prisoner proceeding pro se and confined at the Wisconsin Resource Center ("WRC"), filed a civil rights complaint along with multiple other plaintiffs. *See* ECF No. 1. On January 7, 2025, the Court severed the plaintiffs' case and Plaintiff Cubero now proceeds as the sole plaintiff in this case. ECF No. 2. In doing so, the Court granted Plaintiff's motion to proceed without prepayment of the filing fee and ordered Plaintiff to file an amended complaint as to his individual claims that he personally experienced. *Id.* Following extensions, on July 2, 2025, the Court screened Plaintiff's amended complaint, found that it failed to state a claim, and allowed Plaintiff to file an amended complaint. ECF No. 12. Plaintiff filed an amended complaint on August 5, 2025. ECF No. 15. This Order screens that complaint.

## 1. FEDERAL SCREENING STANDARD

     Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

2.   **PLAINTIFF'S ALLEGATIONS**

Plaintiff brings his amended complaint against Defendants Wachholz and Utter. ECF No. 15 at 1. Plaintiff alleges systematic

deficiencies with DOC's dental care for inmates. *Id.* at 3. Plaintiff alleges that Defendants were aware that his dental needs required immediate treatment and that Plaintiff had to wait over a year. *Id.* Plaintiff experienced severe and constant pain as a result of Defendants' failure to timely provide emergency dental care. *Id.* Additionally, Plaintiff's filling broke as a result of the delay and the cavity under the filling became a hole. *Id.*

Plaintiff has also suffered for years due to stomach pain. *Id.* Plaintiff has experienced severe pain, cramps, bleeding, and irregular bowel movements once a week. *Id.* at 3–4. Plaintiff was placed on a six-month waiting list, and he went on a hunger strike as a result. *Id.* at 4. When Plaintiff finally saw medical providers, they only addressed his hunger strike and not his underlying medical issue. *Id.* Plaintiff finally discovered he had bleeding hemorrhoids and polyps that needed to be removed after significant delay in treatment. *Id.* Plaintiff alleges Defendants were aware of his complaints and failed to provide adequate treatment. *Id.* at 1. Plaintiff seeks monetary damages for his injuries. *Id.* at 6.

3. ANALYSIS

The Court finds that Plaintiff may proceed against Wachholz and Utter on an Eighth Amendment deliberate indifference claim for their indifference to Plaintiff's serious medical needs. The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (internal quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' i.e., that

they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)). "A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). The length of delay that is tolerable "'depends on the seriousness of the condition and the ease of providing treatment.'" *Id.* (quoting *McGowan*, 612 F.3d at 640).

At the screening stage, the Court finds that Plaintiff's allegations are sufficient to proceed against Wachholz and Utter. Plaintiff alleges delayed dental treatment that caused serious pain and his filling to break. Plaintiff also alleges serious stomach pain and related issues. Plaintiff further alleges that Defendants were aware of the deficiencies in medical treatment and ignored the problems. As such, the Court finds that Plaintiff may proceed against Wachholz and Utter on an Eighth Amendment deliberate indifference claim for their indifference to Plaintiff's serious medical needs.

4. **CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment claim against Defendants Wachholz and Utter for their deliberate indifference to Plaintiff's medical needs.

Defendants should take note that, within forty-five (45) days of service of this Order, they are to file a summary judgment motion that raises all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the amended complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendants **Wachholz and Utter**;

**IT IS FURTHER ORDERED** that under the informal service agreement, those Defendants shall file a responsive pleading to the amended complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendants raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service; and

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the amended complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss,

Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice.

Dated at Milwaukee, Wisconsin, this 8th day of September, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge